David Abrams, Attorney at Law (DA-8126)
305 Broadway, 5th Floor
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Southern District of New York

---

J. Campbell,

        Plaintiff,

- against -

Jack Resnick & Sons, Inc.,
Tenber Associates, Resnick Murray Street
Associates, AB 40th Street LLC,
Vandergrand Properties Co., L.P.,
485 Madison Associates, 315 Hudson LLC,
Van Hud Realty, 250 Hudson Co., L.P.,
Broadway & 56th Street Associates,
Resnick Seaport LLC, 161 William
Associates, L.P., T & M Protection
Resources, Inc., 58th & Lex Associates,
138 E 58th Street LLC, 485 Madison
Avenue, LLC, & John Doe Corps. 1 to 99,

        Defendants.

No. 08 cv 4545 (WHP)



## AMENDED COMPLAINT

Plaintiff, complaining of the Defendants by his attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

### I. Introduction

1. This is an action for unpaid overtime/wages under the Fair Labor Standards Act and New York Wage & Hour Regulations. Plaintiff complains individually and collectively. Plaintiff also asserts a claim of age discrimination under the New York

City Human Rights Law; and claims pursuant to COBRA and New York Labor Law.

## II. Parties

2. Plaintiff J. Campbell is a natural person residing in the State of New York, County of Queens.

3. Upon information and belief, defendant Jack Resnick & Sons, Inc. (the "Primary Employer") is a New York business corporation with a principle place of business at 110 East 59th Street, New York, NY 10022.

4. Upon information and belief, Defendants Tenber Associates, Resnick Murray Street Associates, AB 40th Street LLC, Vandergrand Properties Co., L.P., 485 Madison Associates, 315 Hudson LLC, Van Hud Realty, 250 Hudson Co., L.P., Broadway & 56th Street Associates, Resnick Seaport LLC, 161 William Associates, L.P., T & M Protection Resources, Inc., 58th & Lex Associates, 138 E 58th Street LLC, 485 Madison Avenue, LLC, & John Doe Corps. 1 to 99, (the "Secondary Employers") are all New York business corporations or limited liability companies, with principle places of in the State of New York.

## III. Venue & Jurisdiction

5. Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(2) in that defendants (collectively, the "Employer") reside in New York and, upon information and belief, the Employer maintains a continuous and systematic presence in the Southern District.

6. Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the

United States, specifically the Fair Labor Standards Act, and the remaining claims for part of the same case or controversy.

7. Personal jurisdiction exists over the Employer in that this action arises from its activities in New York, specifically the employment of the Plaintiff.

## IV. Background

8. Upon information and belief, the Primary Employer is in the business of building management and acts as a managing agent for numerous buildings throughout the island of Manhattan.

9. Upon information and belief, the Secondary Employers are responsible for the operation of various buildings throughout Manhattan and have contracted with the Primary Employer for managing agent services, including the provision of security services.

10. Mr. Campbell was employed by the Primary Employer, including any predecessors in interest, as a security guard and was sent to work at many different buildings corresponding to the various Secondary Employers.

11. In all cases, the Primary Employer was responsible for Mr. Campbell's pay, and issued him paychecks and pay stubs. Further, Mr. Campbell was subject to the direction and control of the Primary Employer.

12. At the same time, Mr. Campbell's work was for the benefit of both the Primary and Secondary Employers. Moreover, many or all of the Secondary Employers issued W-2 tax statements for Mr. Campbell's work. Thus, a joint employment relationship existed among the Primary and Secondary Employers.

13. The Primary and Secondary Employers were not entirely separate in their activities with respect to Mr. Campbell's work.

14. Further, even ignoring the existence of the Secondary Employers, Mr. Campbell's work, at a minimum, was employment for the Primary Employer.

15. All of Mr. Campbell's hours of work for the Employer should have been aggregated for purposes of calculating his overtime pay, either because it was all work performed for and suffered or permitted by the Primary Employer or, in the alternative, because his work for all of the defendants constituted joint employment. Since this aggregation was not done, Mr. Campbell was not paid a proper overtime premium.

16. Mr. Campbell, who is over the age of 40, was discharged allegedly for allowing an individual to enter the building without proper identification. Upon information and belief, Mr. Campbell would have been treated more leniently had he been younger.

17. Mr. Campbell was never sent his COBRA health insurance notification or a discharge letter.

**V.    Causes of Action and Demand for Relief**

<u>Count One: Violation of the Fair Labor Standards Act</u>

18. The allegations contained in paragraphs 1 through 17 are incorporated as if restated herein.

19. Plaintiffs were employees of the Employer within the meaning of the Fair Labor Standards Act.

20. Upon information and belief, the Defendants were employers within the meaning of the Fair Labor Standards Act and subject to the same Act.

21. The Employer violated the Fair Labor Standards Act in that it did not properly compensate plaintiffs for the overtime they worked.

### Count II: Violation of New York Wage & Hour Law

22. The allegations contained in paragraphs 1 through 16 are incorporated as if restated herein.

23. Mr. Campbell was an employee of the Employer within the meaning of New York Wage Regulations, specifically N.Y.C.R.R. Labor Section 138 et seq.

24. The Employer was an employer within the meaning of those same regulations.

25. The Employer violated the above regulations in that it did not properly compensate Mr. Campbell for the overtime hours he worked.

### Count III: Violation of the New York City Human Rights Law

26. Mr. Campbell was an employee and Defendants were employers within the meaning of the New York City Human Rights Law.

27. Upon information and belief, Mr. Campbell's discharge violated the New York City Human Rights Law in that it resulted from unlawful age discrimination.

### Count IV: Violation of COBRA and New York Labor Law

28. Upon information and belief, the Employer violated the Consolidated Omnibus Budget Reconciliation Act, commonly known as "COBRA" and the New York Labor Law by failing to give proper notice to Mr. Campbell after his termination.

WHEREFORE Plaintiff demands judgment against the Employer in the amount of his unpaid overtime and/or lost wages, together with liquidated, compensatory, punitive and other multiple damages, costs, fees, interest; statutory and/or regulatory penalties; certifying this matter with adequate notice to be supervised by the Court; and such other and further relief that the Court deems just.

        Respectfully submitted,

/s/ David Abrams

David Abrams (DA-8126)
  Attorney for Plaintiff
J. Campbell

305 Broadway, 5th Floor
New York, NY 10007
Tel. 212-897-5821
Fax 212-897-5811

Dated:    New York, NY
            June 19, 2008