**Harris N. Cogan (HC 9313)**
**BLANK ROME LLP**
The Chrysler Building
405 Lexington Avenue
New York, New York 10171
Tel: (212) 885-5566
Fax: (917) 332-3712
E-Mail: hcogan@blankrome.com
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| J. Campbell, | : |
| Plaintiff, | : |
| v. | : Case No. 08-CV-4545 (WMP) |
| Jack Resnick & Sons, Inc., Tenber Associates, Resnick Murray Street Associates, AB 40th Street, LLC, Vandergrand Properties Co., L.P., 485 Madison Associate, 315 Hudson LLC, Van Hud Realty, 250 Hudson Co., L.P., Broadway & 56th Street Associates, Resnick Seaport LLC, 161 William Associates, L.P., T&M Protection Resources, Inc., 58th & Lex Associates, 138 E 58th Street LLC, 485 Madison Avenue, LLC, & John Doe Corps. 1 to 99, | : **ANSWER TO AMENDED COMPLAINT** |
| Defendants. | : |

---

Defendants, Jack Resnick & Sons Inc. ("Resnick"), Tenber Associates ("Tenber"),

Resnick Murray Street Associates ("Resnick Murray"), AB 40th Street, LLC ("AB 40th"),

Vandergrand Properties Co., L.P. ("Vandergrand"), 485 Madison Associates ("485 Madison"), 315 Hudson LLC ("315 Hudson"), Van Hud Realty[1], 250 Hudson Co., L.P. ("250 Hudson"), Broadway & 56th Street Associates ("Broadway"), Resnick Seaport LLC[2] ("Resnick Seaport"), 161 William Associates, L.P. ("161 William"), 58th & Lex Associates ("58th & Lex"), 138 E 58th Street LLC[3], 485 Madison Avenue, LLC ("485 Madison Avenue"), & Joe Doe Corps. 1 to 99 (collectively referred to herein as "Defendants"), by and through their attorneys Blank Rome LLP, respond to Plaintiff's Amended Complaint as follows[4]:

## I. INTRODUCTION

1.  Paragraph 1 of the Amended Complaint contains a preamble statement to which no responsive pleading is required. To the extent a response is required, the allegations in Paragraph 1 are denied.

## II. PARTIES

2.  Denies sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint.

3.  Admits the allegations of Paragraph 3 of the Amended Complaint.

4.  Admits the allegations of Paragraph 4 of the Amended Complaint.

---

[1] Plaintiff's Amended Complaint incorrectly identifies this entity as Van Hud Realty. The correct name for this entity is Van Hud Realty Co. ("Van Hud").
[2] Plaintiff's Amended Complaint incorrectly identifies this entity as Resnick Seaport LLC. The correct name for this entity is Resnick Seaport, LLC
[3] Plaintiff's Amended Complaint incorrectly identifies this entity as 138 E 58th Street, LLC. The correct name for this entity is 133 E. 58th Street, LLC ("133 E. 58th").
[4] Plaintiff's Amended Complaint incorrectly identifies T&M Protection Resources, Inc. ("T&M") as an entity that is affiliated with Defendant Resnick. Per an agreement between the parties, this Answer assumes that T&M is not a defendant in this matter.

### III. VENUE & JURISDICTION

5. Admits only that Paragraph 5 of the Amended Complaint purports to describe the basis of venue for the claims that Plaintiff asserts, and denies the remaining allegations of Paragraph 5.

6. Admits only that Paragraph 6 of the Amended Complaint purports to describe the jurisdictional basis for the federal claims that Plaintiff asserts, and denies the remaining allegations of Paragraph 6.

7. Admits only that Paragraph 7 of the Amended Complaint purports to describe the jurisdictional basis for the claims that Plaintiff asserts, and denies the remaining allegations of Paragraph 7.

### IV. BACKGROUND

8. Admits the allegations of Paragraph 8 of the Amended Complaint.

9. Denies the allegations of Paragraph 9 of the Amended Complaint, except admits that Defendants Tenber, Resnick Murray, AB 40th, Vandergrand, 485 Madison, 315 Hudson, Van Hud, 250 Hudson, Broadway, Resnick Seaport, 161 William, 58th & Lex, 133 E. 58th, and 485 Madison Avenue contracted with Defendant Resnick for managing agent services.

10. Denies the allegations of Paragraph 10 of the Amended Complaint, except admits that Plaintiff was employed as a security guard.

11. Denies the allegations of Paragraph 11 of the Amended Complaint, except admits that Defendant Resnick issued Plaintiff's pay checks.

12. Denies the allegations of Paragraph 12 of the Amended Complaint, except admits that certain Secondary Employers issued W-2 tax statements for Plaintiff's work.

13. Denies the allegations of Paragraph 13 of the Amended Complaint.

14. Denies the allegations of Paragraph 14 of the Amended Complaint, except admits that Plaintiff was employed by Defendant Resnick.

15. Denies the allegations of Paragraph 15 of the Amended Complaint.

16. Admits upon information and belief, that Plaintiff is over 40 years of age and denies the remaining allegations of Paragraph 16 of the Amended Complaint.

17. Denies the allegations of Paragraph 17 of the Amended Complaint.

**V.    CAUSES OF ACTION AND DEMAND FOR RELIEF**

COUNT ONE: VIOLATION OF THE FAIR LABOR STANDARDS ACT

18. Paragraph 18 is a transition paragraph to which no response is required. To the extent a response is required, the answers contained in paragraphs 1-17 above are incorporated as if set forth fully herein.

19. The allegations contained in Paragraph 19 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in paragraph 19 are deemed denied.

20.     The allegations contained in Paragraph 20 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations contained in paragraph 20 are deemed denied.

21.     The allegations contained in Paragraph 21 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations contained in paragraph 21 are deemed denied.

## COUNT II: VIOLATION OF NEW YORK WAGE & HOUR LAW

22.     Paragraph 22 is a transition paragraph to which no response is required.  To the extent a response is required, the answers contained in paragraphs 1-21 are incorporated as if set forth fully herein.

23.     The allegations contained in Paragraph 23 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations contained in paragraph 23 are deemed denied.

24.     The allegations contained in Paragraph 24 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations contained in paragraph 24 are deemed denied.

25.     The allegations contained in Paragraph 25 of the Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, the allegations contained in paragraph 25 are deemed denied.

COUNT III: VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW

26. The allegations contained in Paragraph 26 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in paragraph 26 are deemed denied.

27. The allegations contained in Paragraph 27 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in paragraph 27 are deemed denied.

COUNT IV: VIOLATION OF COBRA AND NEW YORK LABOR LAW

28. The allegations contained in Paragraph 28 of the Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, the allegations contained in paragraph 28 are deemed denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim for which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and/or laches.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

**Fifth Affirmative Defense**

Plaintiff's claims are barred in whole or in part because Plaintiff unreasonably failed to take advantage of any internal complaint procedures and/or remedies provided by Defendants.

**Sixth Affirmative Defense**

Plaintiff's claims are barred in whole or in part because at all relevant times, Defendants acted in good faith with regard to Plaintiff and had reasonable grounds for believing that its actions were not in violation of any laws.

**Seventh Affirmative Defense**

To the extent Plaintiff can demonstrate that he is entitled to damages, Plaintiff failed to mitigate such damages.

**Eighth Affirmative Defense**

Plaintiff's request for punitive damages should be denied because Defendants did not undertake any conduct that was in any way wanton, reckless or outrageous

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor dismissing the Amended Complaint, together with an award of costs and further relief as the Court deems appropriate.

Respectfully submitted,

**BLANK ROME LLP**

By: /s/ Harris N. Cogan
     Harris N. Cogan (HC 9313)
     Tara G. La Fiura
405 Lexington Avenue
New York, NY  10174-0208
Tel:  (212) 885-5566
Fax:  (917) 332-3712
E-Mail:  hcogan@blankrome.com

Attorneys for Defendants

Dated:  *July 14, 2008*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this date, the foregoing Answer and Affirmative Defenses to Plaintiff's Amended Complaint were filed through the Electronic Case Filing ("ECF") System of the United States District Court for the Southern District of New York and are available for viewing and downloading from the ECF system.  To the extent that counsel for Plaintiff is not registered ECF users, I served a true and correct copy of the foregoing by overnight mail upon counsel for Plaintiff at the following address:

        David Abrams, Esquire
        305 Broadway, 5th Floor
        New York, NY 10007


        /s/ <u>Tara G. La Fiura, Esq._____</u>


Dated:  *July 14, 2008*